OPINION OF THE COURT
Allan Dixon, J.
This proceeding comes before the court on the petition of Sarina Noble to enforce the child support provisions of a judgment of divorce dated December 20, 1977 of the Supreme Court of the State of New York, Albany County, Index Number 10332-77, which incorporated a separation agreement between the parties made and acknowledged October 7, 1977.
The pertinent portion of the separation agreement which forms the basis for this proceeding is that portion entitled schedule A, paragraph 5B which reads as follows: "The husband shall be responsible for covering the child with adequate medical and hospital insurance. The wife shall pay the first $50 and the husband the second $50 of each year’s routine non-insured medical expense (Major Medical deductible). And thereafter any routine non-insured medical expense will be split between the parties. The one exception is to any single large, one non-insured medical expense. The husband will pay the first $100 of non-insured costs which occur over and above *499 the insured $100 deductible specified above. And thereafter the parties will split any further non-insured medicals.”
The meaning of the words "medical expense” is in dispute. The petitioner is requesting that the respondent pay his share of the cost of allergy inoculations for the child and also his share of the dental expenses of the child. The respondent questions whether the allergy inoculations and dental services are medical expenses. There is no dispute that the major medical insurance does not cover dental care or services and the cost thereof in no way forms a part of the deductible or coinsurance.
This court is of the opinion that the definition of "medical expenses” covers the cost of many items of care and services which are not included under major medical insurance. Such insurance is a contract between the insurance company and the insured and may cover any items which the insurance company desires to include for the premium paid. Merely because certain items of care and services are not included in the insurance contract does not mean that the excluded items are not medical care.
The professions, generally referred to as the healing arts, are included in title 8 of the Education Law which provides for the licensing and regulating of the professions. Included are medicine, physical therapy, physician’s and specialist’s assistants, chiropratic, dentistry and dental hygiene, pharmacy, nursing, podiatry, optometry and ophthalmic dispensing.
The cost of the services of any of these practitioners, in addition to hospital and nursing home care, is a medical expense and the cost thereof, after the sharing of the cost of the deductible and coinsurance by the parties, shall be shared equally by the parties.
The separation agreement is silent as to when uninsured costs are to be paid. To save further litigation it would seem that a time should be fixed. Bills for uninsured medical care, which are incurred or paid by the petitioner shall be sent to the respondent at the end of each month and the respondent’s share of the bills, including the second $50 of the annual deductible and one half of the coinsurance portion of the major medical insurance and the first $100 of any single item of uninsured extraordinary medical care, shall be paid to the petitioner within 30 days. The petitioner shall transmit all bills for insured medical care to the respondent who shall *500 forward such bills to the major medical insurance company and the respondent shall indorse the checks for payment for such care to the order of the petitioner and immediately forward the checks to the petitioner. In order to properly account for payment of each party’s share of medical care for the child, deductions shall not be made from weekly support payments.
Applying the court’s definition of medical care, the respondent currently owes petitioner $63 for medical care, not including dental care, and $24 for dental care. The amount of $87 shall be paid within 30 days of the date of the entry of an order in this court.